PHILLIP C. SAMOURIS, ESQ. (Bar No. 163303)
samouris@higgslaw.com
MICHAEL J. HOISINGTON, ESQ. (Bar No. 201679)
mhoisington@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA  92101-7913
TEL:  619.236.1551
FAX:  619.696.1410

Attorneys for Plaintiff
CannaVest Corporation

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CannaVest Corporation, a Nevada corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>Kannaway, LLC, a California limited liability company; et. al,<br><br>                              Defendant. | CASE NO. 14-cv-02160-CAB-BLM<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br><br>Date:     February 12, 2015<br>Time:     2:00 p.m.<br>Dept:     4C<br>Judge:    Hon. Cathy A. Bencivengo |

## I.

## SUMMARY OF REPLY

Defendant Kannaway, LLC ("Defendant") did not submit *any evidence* in opposition to plaintiff's motion for preliminary injunction and instead incorrectly chose to rely upon the arguments of its attorney.  In light of the foregoing, the facts established in the moving papers are *uncontroverted*, including the following:

- Plaintiff was the first to use the CANNABIS BEAUTY® mark on personal care products in commerce and has continuously done so since Sept. 2013.

- Defendant solicited Plaintiff for a license of that mark which Defendant later refused to sign.

- Defendant assigned the CANNABIS BEAUTY DEFINED mark to Plaintiff which now owns that mark.

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3139126.2

Case No. 14-cv-02160-CAB-BLM

- Defendant has no right to use the marks CANNABIS BEAUTY® or CANNABIS BEAUTY DEFINED.
- Despite the foregoing, Defendant is selling personal care products bearing the name CANNABIS BEAUTY DEFINED in competition with Plaintiff.
- Defendant adopted this identical mark well after Plaintiff started using it and with full knowledge of Plaintiff's prior use of the mark.
- Plaintiff has repeatedly demanded that Defendant stop using the infringing mark but Defendant has refused to stop.
- Customers and other individuals in the hemp-based product industry believe that Defendant's multi-level marketing organization is a Ponzi scheme.
- Defendant's founder, Mr. Llamas, has been indicted for mail and wire fraud in connection with a mortgage fraud scheme in California.
- Customers mistakenly believe that Defendant is affiliated with Plaintiff and that Defendant's products are produced or sponsored by CannaVest.
- ***Defendant's negative reputation is hurting Plaintiff's reputation and goodwill.***

Despite the foregoing, Defendant weakly asks the Court to deny the motion because Defendant plans to file a cross-complaint, alleging that the original idea for the CANNABIS BEAUTY® mark was created by Defendant and "pirated" by Plaintiff, which is nonsense. Defendant cannot rely upon a vague threat of future action to oppose Plaintiff's well-supported motion for preliminary injunction. For these reasons, and the other reasons in the record, Plaintiff respectfully requests that the Court enjoin Defendant from continuing to offer products containing the mark CANNABIS BEAUTY® or any confusingly similar mark.

///

///

## II.

## REPLY

**A. PLAINTIFF WILL LIKELY SUFFER IRREPARABLE HARM IN THE ABSENCE OF PRELIMINARY RELIEF**

Despite Defendant's incorrect assertion to the contrary, Plaintiff is not relying upon any presumption of irreparable harm. Rather, it has submitted credible, ***uncontroverted*** evidence that Defendant's improper conduct is causing Plaintiff to lose control over its business reputation and is damaging Plaintiff's goodwill which constitutes irreparable harm. In response to this evidence, Defendants have submitted *nothing*.

Instead, Defendant mistakenly relies upon the case of *Herb Reed Enters., LLC v. Fla. Entm't Mgmt.*, 736 F.3d 1239, 1250 (9th Cir. 2013)—a case that actually supports Plaintiff's position.[1] There, the Ninth Circuit clearly stated that, "Evidence of loss of control over business reputation and damage to goodwill could constitute irreparable harm. See, e.g., *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001) (holding that evidence of loss of customer goodwill supports finding of irreparable harm)." The appellate court in *Herb Reed* held that the trial court's record in that case did not contain sufficient evidence to show loss of control over business reputation and damage to goodwill. The record here is different, as discussed below.

Here, the uncontroverted record shows that Customers and other individuals in the hemp-based product industry believe that Kannaway's multi-level marketing organization is a Ponzi scheme and have expressed those concerns over the internet in websites which evaluate multi-level marketing organizations and monitor the hemp-based product industry. (Mona, Jr., Decl., ¶ 12 (Dkt No. 13-27, p. 6); Markley Decl., ¶ 4 (Dkt No. 13-28, p. 2); and **Exhibit U** (Dkt No. 13-22) (web

---

[1] Defendant also gave the wrong citation to the *Herb Reed* case. The correct cite is 736 F.3d 1239 (not 1229).

1   pages wherein members of the public have voiced these concerns.)  In addition,

2   Kannaway's founder, Mr. Llamas, has been indicted for mail and wire fraud in

3   connection with a mortgage fraud scheme in the Eastern District of California

4   (**Exhibit V**, the Superseding Indictment against Mr. Llamas (Dkt No. 13-24.))

5   Lastly, the record shows that Customers and other individuals in the hemp-based

6   product industry mistakenly believe that Kannaway is affiliated with Plaintiff and

7   that Kannaway's CANNABIS BEAUTY DEFINED beauty products are produced

8   or sponsored by CannaVest.  As a result, ***Kannaway's negative reputation is***

9   ***hurting Plaintiff's reputation and goodwill.***  (Mona, Jr., Decl., ¶¶ 10-12 (Dkt

10  No. 13-27, p. 5-6); Markley Decl., ¶¶ 3-4 (Dkt No. 13-26, p. 2.))  Such harm cannot

11  be remedied with monetary damages.   In light of the foregoing, Plaintiff is likely to

12  suffer irreparable harm in the absence of preliminary relief.

13  **B.   PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS OF ITS**
    **TRADEMARK INFRINGEMENT CLAIM**

14

15       As set forth in the moving papers, if a trademark plaintiff shows that the

16  defendant intentionally copied the plaintiff's mark, she is likely to prevail because

17  the courts then presume that the public will be deceived. *E. & J. Gallo Winery v.*

18  *Gallo Cattle Co.*, 967 F.2d 1280, 1293 (9th Cir. 1992).  In this case, the record

19  clearly shows that Kannaway knowingly copied the entirety of Plaintiff's

20  CANNABIS BEAUTY ® mark to improperly trade on Plaintiff's goodwill.

21  Kannaway's promoters, namely Llamas and Nihart, were distributors of

22  CannaVest's products and were very familiar with CannaVest's trademarks,

23  including its CANNABIS BEAUTY® mark.  Indeed, they had asked Plaintiff to

24  license the trademark to Kannaway and had entered into negotiations for the

25  trademark license.  And when the negotiations broke down, Defendant still

26  proceeded to use the mark over Plaintiff's objections.  (Mona, Jr., Decl., ¶¶ 3-4

27  (Dkt No. 13-27); and Boucher Decl., ¶ 3 (Dkt No. 13-20.)  Based on the foregoing,

28  the presumption of intentional deception to the public clearly should be enforced.

1    Likewise, Defendant does not dispute that Plaintiff was the first user of the

2    mark in commerce and that Kannaway's use of the identical mark has caused

3    confusion and will likely continue to cause confusion.  And although Defendant

4    unconvincingly asserts that Plaintiff's CANNABIS BEAUTY® mark is weak, it

5    does not submit any evidence or credible arguments to support its position—it just

6    points out that the mark was placed on the Supplemental Register—an immaterial

7    point that Plaintiff addresses, below.  Defendant does not even address, let alone

8    refute Plaintiff's position that its mark is suggestive and distinctive given the

9    incongruous association of the two words – CANNABIS + BEAUTY.  (Dkt

10   No. 13-1, 14:11 to 15:4.)

11       Rather, Defendant weakly claims (without any evidentiary support) that the

12   idea for the CANNABIS BEAUTY® mark was "created by Defendant's sister

13   company" and "pirated" by Plaintiff and that Defendant will bring a counterclaim

14   against Plaintiff arising from its claim to own the mark. (Docket No. 16, 9:15-18

15   and 10:16 to 11:2.)  Of course, Defendant's threat of a counterclaim is not a

16   credible defense to Plaintiff's trademark infringement claim.  To the contrary, it

17   only support Plaintiff's argument that the CANNABIS BEAUTY® mark is strong

18   and worth protecting.  Indeed, if the CANNABIS BEAUTY® mark is weak, as

19   Defendants incorrectly claim, then why would Defendant claim that it originally

20   came up with that mark and that Plaintiff "pirated" it and then threaten to file a

21   counterclaim seeking to establish its rights in the mark?  Defendant's position

22   simply lacks merit.

23       Instead of submitting declarations and other evidence in support of their

24   opposition, including their outrageous allegation that Mr. Llamas assigned the

25   CANNABIS BEAUTY DEFINED trademark to Plaintiff under "duress" –

26   Defendant merely claims that it will file a counterclaim (which of course requires

27   no evidence).  Plaintiff respectfully requests that the Court reject Defendant's plea

28   to deny the motion based solely upon Defendant's threat of a future counterclaim or

1    its baseless claim of "duress".  Just as the moving party cannot rely upon an

2    unverified complaint to support its motion for preliminary injunction, the party

3    opposing such a motion cannot rely upon mere allegations.

4        It should also be noted that the apparent internet search result for the words

5    "Cannabis Salve" submitted by Defendants is irrelevant, given that Plaintiff is not

6    claiming trademark rights in "Cannabis Salve."  Rather, an internet search under the

7    asserted trademark "CANNABIS BEAUTY" is probative.  Attached hereto as

8    **Exhibit X** is a copy of a recent web page reflecting the search results generated by

9    Google when searching the term CANNABIS BEAUTY.  As the Court will see, the

10   search primarily yields Defendant's CANNABIS BEAUTY DEFINED product –

11   not Plaintiff's product – which shows that Defendant is misleading consumers, and

12   that Plaintiff is losing control of its reputation and goodwill.

13       Lastly, Defendant's baseless assertion that Plaintiff's CEO, Mr. Mona, Jr.,

14   knew of Defendant's plans to launch a competing product under the name

15   CANNABIS BEAUTY DEFINED is totally without merit and without any

16   evidentiary support.  As set forth in the moving papers, Defendant solicited Plaintiff

17   for a license of the CANNABIS BEAUTY® mark, and the parties cooperated for a

18   time in the negotiation and drafting of such a license agreement.  Moreover,

19   Defendants assigned ownership of the CANNABIS BEAUTY DEFINED

20   trademark application to Plaintiff.  At that time, Plaintiff had no idea that Defendant

21   would improperly commence sales of a competing product under the CANNABIS

22   BEAUTY® mark without first obtaining a license from Plaintiff.  Defendant's

23   assertion otherwise is baseless.

24

25

26

27   ///

28   ///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

**C.    PLAINTIFF OWNS THE "CANNABIS BEAUTY DEFINED" MARK WHICH DEFENDANT HAS NO RIGHT TO USE.  THE MOTION FOR PRELIMINARY INJUNCTION SHOULD BE GRANTED FOR THAT REASON, AS WELL.**

As set forth in the moving papers, Defendants assigned any rights they had in the CANNABIS BEAUTY DEFINED mark to Plaintiff.  Defendants have no right to use that mark.  (Mona, Jr. Decl. ¶¶ 6 and 8 (Dkt No. 13-27); and **Exhibit N** (Dkt No. 13-15).  Defendants have not submitted any evidence showing that Defendants has permission to use that mark.  Moreover, as Plaintiff predicted in its motion (Docket No. 13-1, 10:24), Defendants have not produced a witness to authenticate the Purported License Agreement which is a sham and entitled to no weight.  In light of the foregoing, the uncontested record shows that Plaintiff is the owner of the CANNABIS BEAUTY DEFINED mark and that Defendants have no right to use it.  The motion for preliminary injunction should be granted for that reason, too.

**D.    THE FACT THAT PLAINTIFF'S MARK WAS PLACED ON THE SUPPLEMENTAL REGISTER DOES NOT DEFEAT ITS CLAIM.**

Section 27 of the Lanham Act expressly provides that registration on the Supplemental Register is not an admission that the mark does not have acquired distinctiveness.  (15 U.S.C. §1095).  Moreover, the Ninth Circuit has clearly held that registration on the Supplemental Register does not bar an owner from establishing secondary meaning in subsequent litigation against any alleged infringer using the mark at the time of registration, because registration does not affect substantive common law trademark rights.  Indeed, in *California Cooler, Inc. v. Loretto Winery, Ltd.*, 774 F.2d 1451, 1454 (9th Cir. 1985), the Ninth Circuit correctly upheld a preliminary injunction barring defendant from infringing a mark that was on the Supplemental Register, expressly rejecting Defendant's argument here that a party which registers on the Supplemental Register comes away with fewer rights than it would have had if it had not sought registration at all.

Here, Plaintiff has established that its mark is distinctive because of the

1  incongruity of the use of the two terms (CANNABIS+BEAUTY) – an argument

2  that was not made at USPTO and that Defendants have ignored.  The record also

3  shows that Plaintiff was the first to use that mark in commerce, that it has

4  continuously used that mark for approximately 17 months in commerce, spending

5  considerable time and effort promoting the mark, and that the mark is suggestive

6  and inherently distinctive given the incongruous association of the two words –

7  CANNABIS+BEAUTY.  The record also shows that Defendant intentionally

8  copied Plaintiff's mark with an intent to confuse the public.  Based on the

9  foregoing, Defendant's Supplemental Register argument lacks merit

10  **E.**     **THE BALANCE OF HARDSHIPS CLEARLY FAVORS PLAINTIFF**

11            Defendant asserts that its supposed trademark (CANNABIS BEAUTY

12  DEFINED) has obtained secondary meaning in the market and that, as a result,

13  Defendant will suffer hardship if the injunction is granted.  (Dkt No. 16, 13:9-10.)

14  It should also be noted that Defendant has used that mark for significantly less time

15  than Plaintiff has used the CANNABIS BEAUTY® mark.  Against this backdrop,

16  Defendant cannot contest that Plaintiff's mark – CANNABIS BEAUTY – has

17  obtained secondary meaning under trademark law, given that Plaintiff has

18  continuously used that mark for a significantly longer period of time.  It should also

19  be noted that, again, Plaintiff owns CANNABIS BEAUTY DEFINED – not

20  Defendant.  And there is no evidence in the record showing that Defendant has any

21  permission to use that mark.

22            In all events, to the extent that Kannaway could potentially suffer some

23  hardship, any such potential harm is discounted by the fact that Defendant brought

24  the injury upon itself by intentionally adopting Plaintiff's mark in an improper

25  attempt to confuse the public.  See *Novardis Consumer Health, Inc. v. Johnson &*

26  *Johnson-Merck Consumer Pharmaceutical Co.*, 290 F.3d. 578, 596 (3rd Cir. 2002.)

27

28  ///

1

## III.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enjoin Kannaway from continuing to offer products containing the mark CANNABIS BEAUTY® or any confusing similar mark.

Respectfully submitted,

DATED:  February 5, 2015          HIGGS FLETCHER & MACK LLP


By: /s/Phillip C. Samouris
    PHILLIP C. SAMOURIS, ESQ.
    MICHAEL J. HOISINGTON, ESQ.
    Attorneys for Plaintiff
    CannaVest Corporation

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

3139126.2

Case No. 14-cv-02160-CAB-BLM