UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CannaVest Corporation, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Kannaway, LLC, a California limited liability company; General Hemp, LLC, a California limited liability company, HDDC Holdings, LLC, a Delaware limited liability company and DOES 1-20,<br><br>Defendant. | Civil No.  14cv2160-CAB (BLM)<br><br>**ORDER DENYING MOTION TO DISMISS [Doc. No. 14]** |

On December 4, 2014, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 12.] On January 8, 2014, Defendants filed a motion to dismiss the first, second and fifth claims of Plaintiff's FAC. [Doc. No. 14.] On January 22, 2015, Plaintiff filed an opposition to the motion. [Doc. No. 15.] On January 29, 2015, Defendants filed a reply to the opposition. [Doc. No. 17.] On January 30, 2015, the Court took the motion under submission. [Doc. No. 18.] For the reasons set forth below, the motion to dismiss is **DENIED**.

I. ALLEGATIONS OF THE FAC

Plaintiff manufactures and sells a hemp-based line of personal care products under the brand name CANNABIS BEAUTY® – a mark it owns and which the United States

Patent and Trademark Office ("USPTO") has registered (Reg. No. 4615445). FAC ¶¶ 1, 17. CannaVest has continuously sold this line of products and and promoted it in advertising throughout the United States since September 2013. FAC ¶ 16. As a result, these marks have acquired "secondary meaning" – consumers associate the mark with a particular source of personal care products. *Id.*

In approximately January or February of 2014, well after CannaVest had commenced selling its CANNABIS BEAUTY® line of products, defendant Kannaway, LLC ("Kannaway"), a multi-level marketing organization, solicited CannaVest for a license of the CANNABIS BEAUTY® mark. FAC ¶ 18. Later, however, Kannaway refused to sign the license agreement. *Id.*

During the licensing discussions, CannaVest discovered that Kannaway's sister company, defendant HDDC Holdings, LLC ("HDDC"), had filed a trademark application with the USPTO for the mark CANNABIS BEAUTY DEFINED. FAC ¶ 19. CannaVest objected to HDDC on the ground that CannaVest was already using the mark CANNABIS BEAUTY in commerce. *Id.* In response, on March 12, 2014, HDDC assigned all rights, title and interest it had in the application to CannaVest pursuant to a written assignment agreement which was promptly recorded with the USPTO. *Id;* Exhibit B.

Despite the assignment, Kannaway started to sell personal care products bearing the name CANNABIS BEAUTY DEFINED. FAC ¶ 22. Due to the fact that Kannaway, HDDC and General Hemp share officers, Kannaway had actual notice of CannaVest's superior rights in the marks at issue and adopted identical marks with knowledge of CannaVest's superior rights in the marks and with the intent to confuse the public as to the source of the goods and to trade on CannaVest's good will and reputation. FAC ¶ 28. When CannaVest demanded that Kannaway cease using the mark, Kannaway claimed for the first time that HDDC had granted an exclusive license (the "Purported Licensing Agreement") to Kannaway and its parent company, General Hemp. FAC ¶ 25; Exhibit D.

CannaVest has filed this action asserting claims for trademark infringement and unfair competition against Kannaway and seeking an injunction precluding Kannaway from using the mark (first, second and third causes of action). CannaVest also seeks a declaration against all the defendants that the Purported Licensing Agreement is unenforceable (fourth cause of action). Finally, in the event the court finds the Purported Licensing Agreement is enforceable against CannaVest, then Cannavest asserts a claim for fraud against HDDC (fifth cause of action).

## II.  DISCUSSION

A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"—generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, *id.*, or other "allegations that are merely

conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

B. Analysis.

    1. Trademark Infringement.

Defendant argues that Plaintiff fails to state a claim for trademark infringement because Plaintiff is solely alleging ownership of the trademark by way of assignment, that Plaintiff has not "proven the elements of a valid trademark assignment,' and that Plaintiff failed to provide the details surrounding the HDDC Assignment. [Doc. No. 14-1 at 9-10.] However, Plaintiff is not solely alleging ownership of the trademark by way of assignment. Rather, Plaintiff alleges that it owns the CANNABIS BEAUTY® mark because it has sold products under that name since September 2013 and has registered that mark with the USPTO. FAC ¶¶ 1, 16, 17. In addition, Plaintiff has attached a copy of the written assignment, has described the circumstances under which it came about, and has alleged that the assignment was recorded with the USPTO. FAC ¶¶ 19-21, Exhibit B. Thus, Plaintiff has sufficiently pled a valid assignment under 15 U.S.C. § 1060.

    A trademark is "any word, name, symbol, or device, or any combination thereof ... used by a person ... to identify and distinguish his or her goods." 15 U.S.C. § 1127. "To prevail on a claim of trademark infringement under the Lanham Act, 15 U.S.C. § 1114, a party 'must prove: (1) that it has a protectable ownership interest in the mark; and (2) that the defendant's use of the mark is likely to cause consumer confusion.' " *Network Automation, Inc. v. Adv. Sys. Concepts, Inc.*, 638 F.3d 1137, 1144 (9th Cir.2011) (*quoting Dep't of Parks & Recreation v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1124 (9th Cir.2006)). Here, Plaintiff has alleged that it owns the CANNABIS BEAUTY® mark and that Kannaway is selling a competing product using a confusingly similar mark. FAC ¶¶ 16-17, 22. These allegations are sufficient to state a claim for trademark infringement under the Lanham Act.

   2. Unfair Competition.

The Ninth Circuit has "consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir.1994). As with federal unfair competition claims under the Lanham Act, the "ultimate test" of state law unfair competition is the likelihood of public confusion. *Id*. (citations omitted). Thus, given that Plaintiff sufficiently states a claim under the Lanham Act, Plaintiff also states a claim for state law unfair competition in violation of California Business and Professions Code § 17200.

   3. Fraudulent Concealment.

" '[T]he elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.' " *Hahn v. Mirda,* 147 Cal.App.4th 740, 748 (2007). Here, Plaintiff has sufficiently alleged a claim for concealment. Plaintiff alleges that HDDC entered into an agreement to assign its rights, if any, in the CANNABIS BEAUTY DEFINED trademark application to Plaintiff and thus had a duty to disclose the exclusive, 5–year trademark license that HDDC supposedly granted to the other Defendants prior to the assignment to Plaintiff. FAC ¶¶ 56-62. Plaintiff further alleges that CannaVest reasonably relied on HDDC's deception. FAC ¶ 62. Finally, Plaintiff alleges that, as a result of HDDC's concealment of the Purported Licensing Agreement, CannaVest has been damaged in excess of $500,000. FAC ¶ 63. Therefore, Plaintiff has sufficiently stated a claim for concealment.

III.

CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss the first, second and fifth causes of action is **DENIED**. All Defendants shall answer the FAC by **February 20, 2015**.

**IT IS SO ORDERED.**

DATED: February 5, 2015

_____
**CATHY ANN BENCIVENGO**
United States District Judge