| | |
|---|---|
| 1 | Frederick W. Gaston, State Bar Number 231179 |
| 2 | *fwg@gastonandgaston.com* |
|   | GASTON & GASTON |
| 3 | A PROFESSIONAL LAW CORPORATION |
| 4 | 1010 Second Ave, 24th Floor |
|   | San Diego, CA  92101 |
| 5 | Telephone:  (619) 398-1882 |
| 6 | Facsimile:   (619) 398-1887 |
| 7 | Attorneys for Defendants |
|   | Kannaway, LLC |
| 8 | General Hemp, LLC |
|   | HDDC Holdings, LLC |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CannaVest Corporation, a Nevada corporation, <br><br>　　　　　Plaintiff, <br><br>vs. <br><br>Kannaway, LLC, a California limited liability company; General Hemp, LLC, a California limited liability company; HDDC Holdings, LLC a Delaware limited liability company; and DOES 1-20; <br><br>　　　　　Defendants. | Case No.: 14-cv-02160-CAB-BLM <br><br> DECLARATION OF MICHELLE SIDES IN SUPPORT OF BOND RE: CANNABIS BEAUTY DEFINED <br><br> Judge: Hon. Cathy Ann Bencivengo <br> Dept: 4C <br> Preliminary Injunction Filed: 12/24/2014 <br> Hearing: 2/12/2015 |

I, MICHELLE SIDES, declare as follows:

1. I am the principal of Kannaway, LLC, defendant in the above entitled action.

2. The following facts are based on my own personal knowledge and belief and if called as a witness, I could and would, competently testify thereto.

3. This declaration is submitted in support of a bond pertaining to the preliminary injunction filed by Plaintiff on or about December 24, 2014 and granted by this Court on or about February 12, 2015.

4. The Cannabis Beauty Defined lined of products marked and sold by Kannaway accounts for approximately 1/3 of Kannaway's sales and profits.

5. On or about December 19, 2014, Houlihan Capital, Investment Banking Valuation & Financial Advisory firm ("Houlihan") was solicited to provide an opinion on the fairness of a proposed transaction whereby 100% of the membership interest of Kannaway, LLC would be purchased for a total equity value of approximately $80.0 million.

6. In rendering their opinion, the following was taken into account by Houlihan:

   a. Monthly unaudited historical financial results for Kannaway from January 2014 through October 2014;

   b. Projected financial results for Kannaway for the years December 31, 2014 to 2017, excluding any cash flow or balance sheet projections, prepared by Kannaway Management;

   c. Certain industry research, such as analyst reports and data available from various financial research databases;

   d. Information regarding certain guideline publicly traded companies considered reasonably comparable to Kannaway;

    e. Houlihan reviewed certain other relevant, publicly available information, including economic, industry, and information specific to Kannaway, as deemed reasonable and pertinent to this engagement and the associated analyses;

    f. Houlihan developed indications of value for Kannaway using generally accepted valuation methodologies, utilizing information and sources including, but not necessarily limited to, those described in the Houlihan Opinion.

7. An opinion was rendered by Houlihan (hereinafter the "Houlihan Opinion") on or about January 2, 2015, affirming that the sale of Kannway for $80.0 million is indeed a fair transaction and further assigning the company a fair value range of between $119.6 million - $247.7 million (See Ex. A). To support the Houlihan Opinion, the firm also created a presentation to support its findings (See Ex. B). A restriction from selling the Cannabis Beauty Defined line will drastically alter this value. Kannaway will face overwhelming hardship and will be greatly damaged though its inability to sell and market the Cannabis Beauty Defined line, which makes up 1/3 of the Company's value. The profitability of the Cannabis Beauty Defined line was factored into the Houlihan Opinion. Accordingly, the range of fair value assigned to Kannway's by the Houlihan Capital Report will be greatly diminished, compromising the pending $80.0 million sale. If Kannaway is unable to continue selling the

Cannabis Beauty Defined line, the purchase offer will likely be greatly reduced by at least $26.6 million if not rescinded altogether. Kannway will accordingly be harmed through this restraining order in amount no less than $26.6 million, 1/3 of the offered purchase price of Kannway. Kannway respectfully requests the bond take into account such damages.

8. Since March 1, 2014, Kannaway has sold over $4.6 million in Cannabis Beauty Defined products (See Ex. C). Kannaway sells an average of $390,000 in Cannabis Beauty Defined products per month. The profit from the sale of these products is equal to approximately $117,000 per month. Kannaway has approximately $2,250,000 in merchandise it will be restrained from selling due to the injunction. To account for such damages, Kannaway respectfully requests the bond be set for an additional $3,654,000 (12 months lost profits at $117,000/per month + $2,250,000 in lost product damages) to account for such damages.

9. Kannaway has spent $150,000 to date on expansion into other cities, including grand opening events, furniture and supplies for new offices, events in Houston and Dallas, and preparations for a future opening in Atlanta. An additional $60,666 has been spent on advertising and marketing specifically for Cannabis Beauty Defined (See Ex. D). Kannaway has spent an additional $24,000 in fees paid for customer support, all for the development of the Cannabis Beauty Defined line. (See Exhibits E-Q Kannway's marketing/promotional efforts)

This injunction will result in damages to Kannaway in the amount of $234,666 in wasted advertising and marketing funds if Kannway is restrained from further sales of the Cannabis Beauty Defined line. Accordingly, Kannaway respectfully requests an additional $234,666 be added to the bond to account for such damages.

10. In the interest of fairness and justice, and to account for the immense damages that will be sustained by Kannaway though this injunction, Kannaway respectfully requests the Court impose a bond of no less than $30,488,666. million to account for the grave damages that it will sustain.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed February 17, 2015, at San Diego, California.

MICHELLE SIDES
KANNAWAY, LLC