Frederick W. Gaston, State Bar Number 231179
*fwg@gastonandgaston.com*
GASTON & GASTON
A PROFESSIONAL LAW CORPORATION
1010 Second Ave, 24th Floor
San Diego, CA  92101
Telephone:   (619) 398-1882
Facsimile:    (619) 398-1887

Attorneys for Defendants
Kannaway, LLC
General Hemp, LLC
HDDC Holdings, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CannaVest Corporation, a Nevada corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>Kannaway, LLC, a California limited liability company; General Hemp, LLC, a California limited liability company; HDDC Holdings, LLC a Delaware limited liability company; and DOES 1-20;<br><br>            Defendants. | Case No.: 14-cv-02160-CAB-BLM<br><br>DEFENDANT KANNAWAY, LLC'S ANSWER TO FIRST AMENDED COMPLAINT |

Defendant Kannaway, LLC ("Kannaway"), by its attorneys, Gaston & Gaston, APLC answers the First Amended Complaint (the "Complaint") as follows:

1. In response to paragraph 1 of the Complaint, Kannaway admits that on March 12, 2014, defendant HDDC Holdings, LLC ("HDDC") assigned the mark CANNABIS BEAUTY DEFINED to Plaintiff, however, Kannway asserts such assignment was made under duress and coercion from Plaintiff and that no consideration has been rendered to date. Kannaway denies all other allegations.

2. In response to paragraph 2 of the Complaint, Kannaway admits it is a multi-level marketing organization offering for sale and selling a line of beauty products bearing the mark CANNABIS BEAUTY DEFINED. Kannaway admits Plaintiff demanded it cease using the mark. Kannaway admits its claim of an exclusive license to use the CANNABIS BEAUTY DEFINED mark for a potential fifty years grated by HDDC, however, denies that HDDC is its sister company. Kannaway denies all remaining allegations.

3. In response to paragraph 3 of the Complaint, Kannaway denies the allegations.

4. In response to paragraph 4 of the Complaint, Kannaway admits the allegations.

5. In response to paragraph 5 of the Complaint, Kannaway admits the allegations.

6. In response to paragraph 6 of the Complaint, Kannaway admits the allegations.

7. In response to paragraph 7 of the Complaint, Kannaway admits the allegations.

8. In response to paragraph 8 of the Complaint, Kannaway denies the allegations. Michael Llamas is the manager of General Hemp and a partial owner of HDDC.

9. In response to paragraph 9 of the Complaint, Kannaway is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations contained therein.

10. In response to paragraph 10 of the Complaint, Kannaway is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations contained therein.

11. In response to paragraph 11 of the Complaint, Kannaway denies the allegations.

12. In response to paragraph 12 of the Complaint, Kannaway denies the allegations.

13. In response to paragraph 13 of the Complaint, Kannaway is without sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore denies the allegations contained therein.

14. Kannaway admits that venue is proper in this jurisdiction as the defendants have done business in this district, but denies committing any acts of trademark infringement or unfair competition, currently or previously, in any district and accordingly denies the remaining allegations.

## **AS TO THE GENERAL ALLEGATIONS**

15. In response to paragraph 15 of the Complaint, Kannaway denies the allegations.

16. In response to paragraph 16 of the Complaint, Kannaway denies the allegations.

17. In response to paragraph 17 of the Complaint, Kannaway admits the allegations.

18. In response to paragraph 18 of the Complaint, Kannaway denies the allegations.

19. In response to paragraph 19 of the Complaint, Kannaway denies the allegations that HDDC filed four trademark applications during any alleged discussions with Plaintiff. Kannaway admits the trademarks were assigned to Plaintiff on March 12, 2014, after Plaintiff's principal, Michael Mona, threatened to cut off oil supplies to third party distributor, Hemp Meds, and threatened and coerced Michael Llamas into assigning the trademarks to Plaintiff. Kannaway asserts such assignment was made under duress and undue influence on behalf of Plaintiff. The consideration for the purported assignment has not been received to date. Kannaway denies all remaining allegations.

20. In response to paragraph 20 of the Complaint, Kannaway denies the allegations. The quoted language appears in Plaintiff's Exhibit B, but Kannaway denies the validity of the assignment.

21. In response to paragraph 21 of the Complaint, Kannaway admits the HDDC Assignment was signed by Michael Llamas, the managing member of HDDC, but asserts the assignment was executed under duress on behalf of Plaintiff.

22. In response to paragraph 22 of the Complaint, Kannaway admits use of the marks on beauty products offered to consumers, but denies the allegations such use is without consent. Kannaway further denies all remaining allegations, including that HDDC is Kannway's sister company.

23. In response to paragraph 23 of the Complaint, Kannaway admits that on or about July 30, 2014, Plaintiff sent a letter to Kannaway demanding that it stop using the CANNABIS BEAUTY DEFINED Marks.

24. In response to paragraph 24 of the Complaint, Kannaway admits that on or about August 18, 2014, Plaintiff sent a second demand letter to Kannaway.

25. In response to paragraph 25 of the Complaint, Kannaway admits its counsel sent a response to Plaintiff, claiming that HDDC had granted an exclusive license to Kannaway and defendant General Hemp to use the mark for 25 years with five (5) five (5) year option periods (for a potential duration of 50 years). Kannaway admits this agreement was entered into on or about February 27, 2014, and that it was signed by Michael Llamas. Kannaway denies any allegations of self-dealing. Kannaway denies all remaining allegations.

26. In response to paragraph 26 of the Complaint, Kannaway denies the allegations.

27. In response to paragraph 27 of the Complaint, Kannaway denies the allegations.

28. In response to paragraph 28 of the Complaint, Kannaway denies the allegations.

29. In response to paragraph 29 of the Complaint, Kannaway denies the allegations.

30. In response to paragraph 30 of the Complaint, Kannaway denies the allegations. Kannaway denies that any product it has sold or sells are infringing in any way. Kannaway denies that is will sell any products deemed by the court to be infringing. Kannway denies any remaining allegations.

## AS TO THE FIRST ALLEGED CAUSE OF ACTION
**(Federal Trademark Infringement, Unfair Competition and False Designation of Origin Against Kannaway)**

31. In response to paragraph 31 of the Complaint, Kannaway incorporates its prior responses to paragraphs 1 through 30.

32. In response to paragraph 32 of the Complaint, Kannaway admits the CANNABIS BEAUTY DEFINED mark is strong and distinctive and denies all remaining allegations.

33. In response to paragraph 33 of the Complaint, Kannaway denies all allegations.

34. In response to paragraph 34 of the Complaint, Kannaway denies the allegations.

35. In response to paragraph 35 of the Complaint, Kannaway denies the allegations.

36. In response to paragraph 36 of the Complaint, Kannaway denies the allegations.

37. In response to paragraph 37 of the Complaint, Kannaway denies the allegations.

38. In response to paragraph 38 of the Complaint, Kannaway denies the allegations.

39. In response to paragraph 39 of the Complaint, Kannaway denies the allegations.

## AS TO THE SECOND ALLEGED CAUSE OF ACTION
**(Unfair Competition Under California Statutory Law Against Kannaway)**

40. In response to paragraph 40 of the Complaint, Kannaway incorporates its prior responses to paragraphs 1 through 39.

41. In response to paragraph 41 of the Complaint, Kannaway denies the allegations.

42. In response to paragraph 42 of the Complaint, Kannaway denies the allegations.

43. In response to paragraph 40 of the Complaint, Kannaway denies the allegations.

## AS TO THE THIRD ALLEGED CAUSE OF ACTION
**(Common Law Trademark Infringement and Unfair Competition Against Kannaway)**

44. In response to paragraph 44 of the Complaint, Kannaway incorporates its prior responses to paragraphs 1 through 43.

45. In response to paragraph 45 of the Complaint, Kannaway denies the allegations.

46. In response to paragraph 46 of the Complaint, Kannaway admits Plaintiff sent correspondences demanding it cease the use of the CANNABIS BEAUTY and CANNBIS BEAUTY DEFINED marks. Kannaway admits it asserts its use of the CANNABIS BEAUTY DEFINED mark is not infringing and that it has continued to sell products baring the CANNABIS BEAUTY DEFINED mark. Kannaway denies the remaining allegations.

47.  In response to paragraph 47 of the Complaint, Kannaway denies the allegations.

48. In response to paragraph 48 of the Complaint, Kannaway denies the allegations.

## AS TO THE FOURTH ALLEGED CAUSE OF ACTION
**(Declaratory Relief Against Kannaway & General Hemp with a Claim for Attorney's Fees and Costs Incurred Against HDDC)**

49. In response to paragraph 49 of the Complaint, Kannaway incorporates its prior responses to paragraphs 1 through 48.

50. In response to paragraph 50 of the Complaint, Kannaway admits it and defendant General Hemp contend the Licensing Agreement is valid and that defendant HDDC granted exclusive rights to Kannaway. Kannaway admits the Licensing Agreement was issued by HDDC and that it is legitimate. Kannaway denies all remaining allegations.

51. Paragraph 51 of the Complaint sets forth legal conclusions to which no response is required.  To the extent a response is required; Kannaway denies the allegations set forth in paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required; Kannaway denies the allegations set forth in paragraph 52 of the Complaint.

53. In response to paragraph 53 of the Complaint, Kannaway denies the allegations.

54. In response to paragraph 54 of the Complaint, Kannaway denies the allegations.

## DENIAL OF ALL ALLEGATIONS NOT ADMITTED

55. Kannaway denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

56. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
(License or Otherwise Authorized Use)

57. Plaintiff's Claims are barred to the extent the alleged infringing use of the marks at issue was licensed or otherwise authorized by persons or entities with the right to license such use, and with the knowledge of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE
(Unclean Hands)

58. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
(Fault of Plaintiff)

59. Any damages that Plaintiff allegedly incurred were the result, in whole or in part, of Plaintiff's own actions or inactions, and not as a result of any conduct on the part of Kannaway.

### FIFTH AFFIRMATIVE DEFENSE
(Waiver)

60. Plaintiff waived by its conduct any recovery it might otherwise be entitled to against Kannaway.

### SIXTH AFFIRMATIVE DEFENSE
### (No Causation)

61. If Plaintiff suffered any loss, damage, or injury, which is expressly denied, such loss, damage or injury was not caused, either legally or proximately, by any act or omission of Kannaway.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

62. Plaintiff's claims are barred, in whole or in part, because Plaintiff, upon information and belief, failed to exercise reasonable care to reduce or mitigate its damages. As such, Plaintiff failed to mitigate any of its alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE
### (Laches, Estoppel)

63. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, and/or estoppel.

### NINTH AFFIRMATIVE DEFENSE
### (No Resulting Damage)

64. Kannaway alleges that some or all of Plaintiff's claims are barred as a matter of law as no resulting damage has occurred from the conditions claimed by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE
### (Failure of Performance)

65. Kannaway denies the validity of the Assignment as it made under duress, however, to the extent the Court finds the Assignment enforceable, Kannaway asserts Plaintiff is barred from recovery of damages or other relief to the extent that it or others failed to perform conditions precedent, concurrent, or subsequent under the pertinent agreements.

///

///

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Failure of Condition Precedent)**

66. Kannaway denies the validity of the Assignment as it made under duress, however, to the extent the Court finds the Assignment enforceable; Kannaway asserts Plaintiff has failed to perform obligations under the Assignment and has failed render the consideration due.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Attorney's Fees Not Recoverable)**

67. Kannaway asserts Plaintiff is not entitled to recover attorney's fees under any existing contract between the parties or under the Tort of Another Doctrine as Kannaway committed no tortious acts and owed no duty to Plaintiff.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Off Set)**

68. Kannaway asserts the Assignment is void, however if the Court finds it to be enforceable, defendants assert Plaintiff has never rendered the consideration due under the Assignment and claims off set against any damages the Court order due to Plaintiff, though defendants deny any such damages are due to Plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Duress)**

69. Kannaway asserts the Assignment is void due to the coercion, threats, improper persuasion and duress applied by Plaintiff. Plaintiff's threats to cut off oil supplies to defendants and their distributors would effectively put the defendants in a state of crippling economic hardship, if not completely shutting down the defendants' business operations.

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(Undue Influence)**

70. Kannaway asserts Plaintiff and its chief officer, Michael Mona, Jr., used their close personal relationship with defendants and the knowledge of the defendants' business needs and operations to influence and leverage Defendants into the Assignment while under duress.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Injury)**

71. Kannaway expressly denies, it did not deprive Plaintiff of any benefits to which Plaintiff was entitled.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Unjust Enrichment)**

72. Kannaway asserts Plaintiff is seeking to recover more than it is entitled to recover and would thus be unjustly enriched.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Rescission)**

73. Kannaway asserts it is entitled to rescission of the transfer agreement.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights to Add Defenses)**

74. Kannaway reserves the right to assert additional defenses upon discovery of further information concerning Plaintiff's claims.

**DEFENDANT HEREBY DEMANDS A JURY TRIAL IN THIS ACTION.**

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by this action;

2. That Plaintiff's lawsuit be dismissed;

3. That Defendants be awarded costs of suit;

4. That Defendants be awarded their attorneys' fees in this action; and

5. That Defendants be awarded all other relief to which this Court deems just and proper.

           Respectfully Submitted,

           GASTON & GASTON.
           A PROFESSIONAL LAW CORPORATION,

Date: February 20, 2015

           By.: /s/ Frederick W. Gaston, Esq.
           ATTORNEYS FOR
           KANNAWAY, LLC