1 PHILLIP C. SAMOURIS, ESQ. (Bar No. 163303)
samouris@higgslaw.com
2 MICHAEL J. HOISINGTON, ESQ. (Bar No. 201679)
mhoisington@higgslaw.com
3 HIGGS FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
4 San Diego, CA 92101-7913
TEL: 619.236.1551
5 FAX: 619.696.1410

6 Attorneys for Plaintiff
CannaVest Corporation

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| CannaVest Corporation, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>Kannaway, LLC, a California limited liability company; et. al,<br><br>Defendant. | CASE NO. 14-cv-02160-CAB-BLM<br><br>**PLAINTIFF'S OBJECTION TO EVIDENCE SUBMITTED BY DEFENDANTS IN CONNECTION WITH THE AMOUNT OF THE PRELIMINARY INJUNCTION BOND [DOC. NO. 24]**<br><br>Hearing Date: February 12, 2015<br>Dept: 4C<br>Judge: Hon. Cathy A. Bencivengo |
|---|---|

Plaintiff Cannavest Corporation ("Plaintiff") hereby objects to the following evidence offered by defendants in connection with the amount of the bond, if any, that the Court will require on the preliminary injunction sought by Plaintiff :

<u>**DECLARATION OF MICHELLE SIDES**</u>
**(Doc. No. 24)**

| EVIDENCE | OBJECTION |
|---|---|
| ¶ 1 "I am the principal of Kannaway, LLC, Defendant in the above entitled action." | Lacks foundation and is conclusory. [FRE 602.] Limited liability companies have "members" and "managers". See *Cal. Corp. Code* § 17704.07 (a)-(c). |

| | |
|---|---|
| | Declarant does not describe her position as a "principal" or her role within the LLC, and therefore her testimony has no foundation. |
| ¶¶ 5-7 and Exhibits A and B—the information supposedly from "Houlihan Capital". | Hearsay, lacks foundation, improper opinion testimony, speculation, assumes facts not in evidence, and does not fulfill the requirements of a proper declaration because the declarant does not have personal knowledge. [FRE 602 and 802.] Declarant admits that she did not draft the documents attached as Exhibits A and B which are characterized as a "Fairness Opinion". Importantly, the documents state clearly that no independent verification of any facts was performed by the preparer and that the preparer relied on information supplied by others in forming its opinion. Moreover, the due diligence section of the presentation does not reference Plaintiff's trademark infringement claim which is the subject of the present case. Thus, the documents are unreliable. |

| | |
|---|---|
| ¶8, Exhibit C | Lacks foundation, improper opinion testimony, speculation, assumes facts not in evidence, and does not fulfill the requirements of a proper declaration because it is conclusory and lacks specifics. [FRE 602 and 802.] Declarant's testimony does not match up with the numbers provided in Exhibit C. Exhibit C is not properly formatted and is unintelligible. There are large numbers associated with some products that could be sales, but no indication on how many units sold, the per-unit price or the source of the numbers. Neither the Declaration nor the exhibit provides any data regarding how the Defendant arrived at an alleged profit of $117,000 per month on the accused products, or how many of what type of products it has on hand adding up to $2,250,000. |
| ¶ 9 and Exhibit D. | Lacks foundation, improper opinion testimony, speculation, assumes facts not in evidence, and does not fulfill the requirements of a proper declaration because it is conclusory and lacks specifics. [FRE 602 and 802.] The |

| | |
|---|---|
| | data has no context – no facts to support the numbers related to its expansion. Exhibit D is not properly formatted, is unintelligible and does not support the potential losses referenced in the declaration. |

## CONCLUSION

Based on the foregoing, Plaintiff respectfully asks that the Court sustain these objections and strike the portions of Ms. Sides' testimony and the exhibits thereto set forth above.

DATED: February 24, 2015

HIGGS FLETCHER & MACK LLP

By: /s/Phillip C. Samouris
PHILLIP C. SAMOURIS, ESQ.
MICHAEL J. HOISINGTON, ESQ.
Attorneys for Plaintiff